Opinion filed April 14,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00056-CV 

                                                    __________

 

     IN THE INTEREST OF T.C.,
T.B. JR., T.B., AND T.B., CHILDREN



 

                                   On
Appeal from the 318th District Court

                                                          Midland
County, Texas

                                                 Trial
Court Cause No. FM 48,977

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from an order terminating the parental rights of the parents of T.B.
Jr. and the youngest T.B.[1] 
Both parents have filed an appeal.  We affirm.

Issues

            The
mother presents two issues for review, and the father presents three.  In her
first issue, she challenges the legal and factual sufficiency of the evidence supporting
termination.  In her second issue, the mother contends that the trial court
abused its discretion in finding that she had waived trial by jury.  The father
first contends that the trial court abused its discretion in denying his
request for a 180-day extension.  In his second and third issues, he challenges
the legal and factual sufficiency of the evidence to support the finding that
termination was in the best interest of the children.  

Legal
and Factual Sufficiency

            With
respect to the legal and factual sufficiency challenges, termination of
parental rights must be supported by clear and convincing evidence.  Tex. Fam. Code Ann. § 161.001 (Vernon
Supp. 2010).  To determine if the evidence is legally sufficient in a parental
termination case, we review all of the evidence in the light most favorable to
the finding and determine whether a rational trier of fact could have formed a
firm belief or conviction that its finding was true.  In re J.P.B., 180
S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is factually
sufficient, we give due deference to the finding and determine whether, on the
entire record, a factfinder could reasonably form a firm belief or conviction
about the truth of the allegations against the parent.  In re C.H., 89
S.W.3d 17, 25-26 (Tex. 2002).  

            To
terminate parental rights, it must be shown by clear and convincing evidence
that the parent has committed one of the acts listed in Section 161.001(1)(A-T)
and that termination is in the best interest of the child.  Section 161.001. 
In this case, the parents’ rights were terminated upon findings that (1) each
parent engaged in conduct or knowingly placed the children with persons who
engaged in conduct that endangered the physical or emotional well-being of the
children and (2) each parent failed to comply with the provisions of a court
order that specifically established the actions necessary for them to obtain
the return of the children who had been in the managing conservatorship of the
Department for at least nine months as a result of the children’s removal from
the parent under Chapter 262[2]
for the abuse or neglect of the children.  See Section 161.001(1)(E), (O).

A.    
Compliance with Court’s Order:  Section 161.001(1)(O).

The
record shows that the Department unsuccessfully attempted to provide family
based safety services beginning in July 2008 and that the children were removed
from their home in January 2009.  The Department filed a petition for
termination of the parents’ rights on January 22, 2009.  After a hearing,
the court appointed the Department as the children’s temporary managing
conservator and ordered both parents to comply with each provision of the court
order, which set out the actions necessary for the parents to avoid the restriction
or termination of their parental rights.  At the time of trial in January 2010,
the children had been in the managing conservatorship of the Department for nearly
one year.

The
testimony at trial showed that neither parent had complied with the provisions
of the trial court’s order.  The father does not take issue with the finding
that he failed to comply.  The mother argues on appeal that she did comply with
the requirements of the family service plan; however, the record shows
otherwise.  She did not successfully complete the court-ordered counseling
services or otherwise comply with the family service plan.  The mother admitted
at trial that she had not submitted to a psychological evaluation, completed
parenting classes, completed individual counseling, or followed MHMR’s
recommendations regarding daily medication for depression as ordered by the
trial court.  Thus, there was clear and convincing evidence from which the
trial court could reasonably have formed a firm belief that the mother failed
to comply with the provisions of the trial court’s earlier order establishing
the actions necessary for the mother to obtain the return of her children. The
evidence is both legally and factually sufficient to support the trial court’s
finding under Section 161.001(1)(O).  

B.    
Conduct Endangering Children:  Section 161.001(1)(E).

To
support termination under Section 161.001(1)(E), the offending conduct does not
need to be directed at the child, nor does the child actually have to suffer an
injury.  In re J.O.A., 283 S.W.3d 336, 345 (Tex. 2009).  Drug use and domestic
violence may constitute evidence of endangerment.  Id.; In re C.J.O.,
325 S.W.3d 261, 265 (Tex. App.—Eastland 2010, pet. denied).  Subjecting
children to a life of uncertainty and instability may also endanger their physical
and emotional well-being.  In re R.W., 129 S.W.3d 732, 739 (Tex.
App.—Fort Worth 2004, pet. denied).  

In
this case, the mother initially denied being abused by the father, but
eventually admitted being beaten by the father to the point that she thought
she was going to die.  The mother told her counselor that domestic violence had
occurred throughout her relationship with the father, including when they had
possession of the children.  The mother testified that the children had
actually seen one or two of the assaults and had heard some of the other fights
from another room and that the police had been called to their residence more
than fifteen times due to the domestic violence.  The counselor classified the
domestic violence situation as severe, but the mother did not agree; she failed
to recognize the risk to the children caused by such domestic violence.  The
police reports, which were admitted into evidence, show a history of domestic
violence and abuse.  Both parents abused illegal drugs, including crack cocaine
and marihuana. The father also had an alcohol problem and had sold drugs from
his home when the children were at home.

The
housing provided by the parents was unsanitary, unsafe, and unstable.  They
were moving from place to place, including from motel room to motel room.  On
one visit, a caseworker observed that part of the window in the children’s
upstairs bedroom was missing; that the children could have easily fallen out; that
the bathtub was full of very dirty, stale water; that the toilet was clogged up
and would not flush; that the kitchen ceiling was about to cave in from a water
leak upstairs; that there was mold under the kitchen sink and dirty dishes
piled up; and that minimal food was in the home.  The caseworker testified that
the parents “kept running out of food” despite the caseworker’s efforts to
help, the father’s income of over $3,000 a month, and $690 per month in food
stamps.  The mother testified that her children “always stayed fed until we ran
out of groceries and stuff” but that her children did not go hungry or starve.

There
was clear and convincing evidence from which the trial court could reasonably
have formed a firm belief that the mother engaged in conduct or knowingly
placed the children with persons who engaged in conduct that endangered the
physical or emotional well-being of the children.  The evidence is both legally
and factually sufficient to support the trial court’s finding under Section 161.001(1)(E). 


C.    
Best Interest.

            With
respect to the best interest of the children, no unique set of factors need be
proved.  C.J.O., 325 S.W.3d at 266.  But courts may use the
non-exhaustive Holley factors to shape their analysis.  Holley v.
Adams, 544 S.W.2d 367, 371-72 (Tex. 1976).  These include, but are not
limited to, (1) the desires of the child, (2) the emotional and physical needs
of the child now and in the future, (3) the emotional and physical danger to
the child now and in the future, (4) the parental abilities of the individuals
seeking custody, (5) the programs available to assist these individuals to
promote the best interest of the child, (6) the plans for the child by these
individuals or by the agency seeking custody, (7) the stability of the home or
proposed placement, (8) the acts or omissions of the parent that may indicate
that the existing parent-child relationship is not a proper one, and (9) any
excuse for the acts or omissions of the parent.  Id.  Additionally,
evidence that proves one or more statutory grounds for termination may also
constitute evidence illustrating that termination is in the child’s best
interest.  C.J.O., 325 S.W.3d at 266.  

            The
evidence that the parents endangered the children’s well-being also supports
the best interest finding.  Additionally, there was evidence that both parents
lacked the ability to be effective parents and that the children’s visits with
them were chaotic.  The mother testified that her three youngest children want
to come home with her but that T.C. does not because of the domestic violence. 
Testimony from the children’s guardian ad litem and from the Department’s
supervisor in this case indicated that it would be in the best interest of the
children for the parental rights of both parents to be terminated.  The
testimony showed that the youngest T.B. initially had some behavior problems. 
He had been placed with relatives who could not handle his behavior, and he was
returned to foster care.  His behavior has improved in foster care, and his
foster parents would like to adopt him.  The foster parents have provided the
youngest T.B. with a safe and stable home, and the case supervisor believed the
proposed adoption to be in the child’s best interest.  There was also testimony
that T.B. Jr. needed to be in a stable environment as quickly as possible and
that he needed a strong support system, which he has with his foster parents.  The
guardian ad litem testified that she had seen great improvement in T.B. Jr.’s
respectfulness and demeanor since being placed with his foster family.  T.B.
Jr.’s current foster family will provide a home for him until he turns eighteen
or finds a stable, adoptive home.  The Department presented evidence that he
had a chance of being adopted if the parents’ rights were terminated.

            Though
the parents presented evidence that they had recently changed and were on the
right path at the time of trial, the trial court was the factfinder and was the
judge of the credibility of the witnesses.  We cannot hold that the trial
court’s findings of best interest are not supported by clear and convincing
evidence.  The evidence is both legally and factually sufficient to support the
trial court’s findings that termination of each parent’s parental rights is in
the best interest of the children.  The mother’s first issue and the father’s
second and third issues are overruled.  

Motion
for Extension

            Next,
we will address whether the trial court abused its discretion in denying the
father’s request for a 180-day extension under Tex. Fam. Code Ann. § 263.401 (Vernon 2008).  Pursuant to Section
263.401, a trial court is required to dismiss a suit brought by the Department
unless trial has commenced by the first Monday after the first anniversary of
the date that the Department was appointed temporary managing conservator or
unless an extension has been granted under Section 263.401(b).  A trial court
may grant an extension of up to 180 days under that section.  

In
this case, the father sought an extension so that he could be afforded more
time to comply with the requirements of the court-ordered family service plan.  The
Department’s attorney and the ad litem objected to an extension because it
would not be in the best interest of the children and because appellant had had
more than ample time to complete the family service plan but had chosen not to
work on it until sometime during the two-month period before the date of trial. 
We cannot hold that the trial court abused its discretion in denying the
request for extension under these circumstances.  The father’s first issue is
overruled.  

Waiver of Jury Trial

Finally,
we must determine whether the trial court abused its discretion in determining
that the mother waived her right to a jury trial.  In its order, the trial
court stated that a jury had been waived and that all questions of fact and law
had been submitted to the trial court.  The mother admits that neither she nor the
Department ever requested a jury trial.  Furthermore, the case was tried to the
court without objection.  The mother argues, however, that she was entitled to
a jury trial and could not waive her right to a jury trial absent her express
“assent.”  Her argument is flawed.  A parent in a termination suit need not
specifically assent to a jury waiver; waiver of a jury is implied if there has
been no jury demand.  In re K.C., 23 S.W.3d 604, 608-09 (Tex.
App.—Beaumont 2000, no pet.).  The mother waived a jury by failing to request
one as provided for by Tex. R. Civ. P.
216, the trial court’s scheduling order, and Tex.
Fam. Code Ann. § 105.002 (Vernon 2008).  The mother’s second issue is
overruled.  

            The order
of the trial court is affirmed.

 

 

                                                                                                RICK
STRANGE

                                                                                                JUSTICE

April 14, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]T.B. Jr. and the youngest T.B. are referred to in this opinion
as “the children.”  The parental rights to T.C. and the middle T.B. were not
terminated.  These two children were placed with relatives, and the parents do
not assert any error on appeal with respect to them.





[2]Tex. Fam. Code Ann. ch. 262 (Vernon 2008 & Supp. 2010) outlines the
procedures for a suit brought by a governmental entity to protect the health
and safety of a child.